IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stephen J. Green, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:24-cv-267-BHH |
| v. ) | |
| ) | **ORDER** |
| Mr. Nelson, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Stephen J. Green's ("Plaintiff") *pro se* complaint filed pursuant to 42 U.S.C. § 1983. On April 29, 2024, Plaintiff filed a motion for preliminary injunction and temporary restraining order, and on July 16, 2024, Defendant Brian Stirling filed a motion to dismiss. (ECF Nos. 14 and 38.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for pretrial proceedings.

On August 8, 2024, Magistrate Judge Mary Gordon Baker issued a Report and Recommendation ("Report"), recommending that the Court deny both Plaintiff's motion for preliminary injunction and temporary restraining order and Defendant Stirling's motion to dismiss. (ECF No. 58.) Attached to the Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. The Court initially entered an order on August 27, 2024, adopting the Magistrate Judge's Report without objections, but the Court vacated that order the next day to consider the objections that were added to the docket on August 27, 2024. (*See* ECF Nos. 67, 70, 72.)

The Magistrate Judge makes only a recommendation to the Court. The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, Defendants have not filed any objections, and Plaintiff's objections pertain only to the Magistrate Judge's recommendation that Plaintiff's motion for preliminary injunction and temporary restraining order be denied. (ECF No. 67.) Thus, it appears that no party has objected to the Magistrate Judge's recommendation that the Court deny Defendant Stirling's motion to dismiss. After review, the Court finds no clear error in the Magistrate Judge's analysis of this matter, and the Court fully agrees with the Magistrate Judge's findings with respect to Defendant's Stirling's motion to dismiss. Accordingly, the Court adopts the Magistrate Judge's Report as to Defendant Stirling's motion to dismiss and denies the motion.

Furthermore, after a careful review of the record, the applicable law, and Plaintiff's objections to the Magistrate Judge's Report (which pertain only to the Magistrate Judge's recommendation that Plaintiff's motion for preliminary injunction be denied, as stated

above), the Court finds Plaintiff's objections unavailing.  In his objections, Plaintiff first asserts that Defendants have committed fraud upon the Court by providing false information, and he asks that the Court strike Dennis Patterson's affidavit.  (ECF No. 67 at 1-4.)  Plaintiff then agrees with the Magistrate Judge's conclusion that Plaintiff had not made a likely showing of success on the merits, but he asks the Court to consider evidence that was not available to Magistrate Judge Baker when she issued her Report.  (*Id.* at 5.)  Next, Plaintiff objects to the Magistrate Judge's finding that Plaintiff failed to make a clear showing that he was likely to suffer irreparable harm in the absence of injunctive relief, asserting that the Court should consider an ongoing constitutional injury to be irreparable injury.  (*Id.* at 5.)  Also, according to Plaintiff, the newly submitted evidence shows that the balance of equities tips in his favor.  (*Id.* at 6.)  Lastly, Plaintiff objects that it is in the public interest to ensure that the constitutional rights of United States citizens, both free and incarcerated, are maintained.  (*Id.* at 7.)

After review, the Court finds that nothing in Plaintiff's objections or the materials submitted in connection with his objections clearly shows that Plaintiff is entitled to a preliminary injunction or temporary restraining order.  As the Magistrate Judge correctly explained, the standard applied to a motion for preliminary injunction is the same as the standard applied to a motion for temporary restraining order.  To obtain either a preliminary injunction or temporary restraining order, a party must make a "clear showing" that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008).  All four requirements must be satisfied.  *Real Truth About Obama, Inc. v. Fed. Election Comm'n*,

3

575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010). Ultimately, after careful review, the Court finds that Plaintiff has not made a clear showing of *any* of the four requirements, let alone all four of them.  Accordingly, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's Report as to Plaintiff's motion for preliminary injunction and temporary restraining order.

Based on the foregoing, the Court again adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 58); the Court overrules Plaintiff's objections (ECF No. 67); the Court denies Plaintiff's motion for preliminary injunction and temporary restraining order (ECF No. 14); and the Court denies Defendant Stirling's motion to dismiss (ECF No. 38).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

October 22, 2024
Charleston, South Carolina